# EXHIBIT A

1
2
3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RUBEN ROMERO, on behalf of himself and
others similarly situated,

                             Plaintiff,

        -against-

LA REVISE ASSOCIATES, LLC d/b/a
BRASSERIE RUHLMANN, JEAN
DENOYER and REGIS MARNIER,

                       Defendants.

Civil Action No.: CV 12-8324

Gorenstein, M.J.

------------------------------------------------------------x

4

## SETTLEMENT AGREEMENT AND RELEASE

5        This Settlement Agreement and Release (the "Agreement") is entered into by and
6  between Defendants La Revise Associates, LLC d/b/a Brasserie Ruhlmann, Jean Denoyer
7  and Regis Mariner (collectively "Defendants") and Ruben Romero (the "Named
8  Plaintiff"), individually and on behalf of a class he represents ("Class") in the matter
9  *Romero v. La Revise Associates, LLC, et al.* (collectively "Parties").

10  **1.    RECITALS AND BACKGROUND**

11        WHEREAS, on November 15, 2012, a Class and Collective Action Complaint
12  was filed against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
13  ("FLSA") and New York state wage and hour law ("NYLL") for the alleged failure to
14  pay certain wage amounts, and failure to provide appropriate notices and paystubs, to
15  Named Plaintiff and the Class (the "Litigation");
16

17        WHEREAS, on March 21, 2013 a motion for collective certification was filed. On
18  September 16, 2013, this Court approved conditional collective action precertification
19  and authorized a notice of collective action pursuant to the FLSA and defined the class as
20  all non-exempt employees employed by Defendants.
21

22        WHEREAS, the purpose of this Agreement is to settle fully and finally all
23  Released FLSA Claims and Released Rule 23 Class Claims, between Named Plaintiff,
24  the Class and Defendants, including all claims asserted in the Litigation;
25

26        WHEREAS, Defendants deny all of the allegations made by Named Plaintiff in
27  the Litigation, and deny any and all liability and damages to anyone with respect to the
28  alleged facts or causes of action asserted in the Litigation;
29

WHEREAS, without admitting or conceding that class and collective action certification is warranted, without further acknowledging or conceding any liability or damages whatsoever, without admitting that notices were not properly given to employees or that any paystubs were deficient, and without admitting that any pay was improperly withheld from any employees, Defendants agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiff's Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Named Plaintiff and Class Members of the collective and class action and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.   DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1   Agreement.** "Agreement" means this Settlement Agreement and Release.

**1.2   Authorized Claimant.** A Class Member who does not opt-out of the proposed settlement thus becomes entitled to receive an Individual Settlement Allocation.

**1.3   Bar Date.** The date by which any Class Member who wishes to opt-out of the settlement must file an Opt-out Statement, which date shall be no later than forty-five (45) days after the initial mailing of Notice by the Settlement Administrator.

**1.4   Class Counsel.** "Class Counsel" or "Plaintiff's Counsel" shall mean C.K. Lee, Esq., Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor New York, NY 10016.

**1.5   Class Members.** "Class Members" shall mean the Named Plaintiff, and current and former employees of Defendants who performed work as non-exempt employees from November 15, 2006 through February 1, 2014 as set forth on the Class List attached as Exhibit A.

1    **1.6**    **Class List.** A list of all Class Members attached as Exhibit A.  After the Court
2            enters the Preliminary Approval Order, Class Counsel shall compile a list of all
3            Class Members identified by: (i) name; (ii) last known address and telephone
4            number; (iii) dates of employment; and (iv) weeks and hours worked. Class
5            Counsel shall compile this list based on information provided by Defendants, and
6            shall provide the list to Defendants and Settlement Administrator.  The Class List
7            is to be used by Class Counsel and Settlement Administrator to effectuate
8            settlement only, and may not be used for any other purpose, or shared with any
9            other person or entity.

10   **1.7**    **Court.** "Court" means the United States District Court for the Southern District
11           of New York.

12   **1.8**    **Days.** "Days" means business days if the specified number is less than 5, and
13           calendar days if the specified number is 5 or greater.

14   **1.9**    **Defendants' Counsel.** "Defendants' Counsel" shall mean each of Kenneth W.
15           DiGia, Esq. of Epstein Becker & Green, P.C. 250 Park Avenue, New York, NY
16           10177, and Dean L. Silverberg, Esq. of Epstein Becker & Green, 250 Park
17           Avenue, New York, NY 10177.

18   **1.10**   **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court
19           relating to the Motion for Final Approval.
20

21   **1.11**   **Final Approval Order.** "Final Approval Order" means the Order entered by the
22           Court after the Fairness Hearing, approving the terms and conditions of this
23           Agreement, distribution of the Settlement Checks and Service Award, and
24           Dismissal of the Litigation with prejudice.
25

26   **1.12**   **Final Effective Date.** "Final Effective Date" shall be the first date after the Court
27           has entered a Final Approval Order approving this settlement and the Court has
28           entered the judgment as provided in Section 2.9; the time to appeal from the Final
29           Approval Order has expired and no notice of appeal has been filed or if a notice of
30           appeal is filed, the latest of the following, if applicable, has occurred: (1) any
31           appeal from the Final Approval Order has been finally dismissed; (2) the Final
32           Approval Order has been affirmed on appeal in a form substantially identical to
33           the form of the Final Approval Order entered by the Court; (3) the time to petition
34           for review with respect to any appellate decision affirming the Final Approval
35           Order has expired; and (4) if a petition for review of an appellate decision is filed,
36           the petition has been denied or dismissed, or, if granted, has resulted in affirmance
37           of the Final Approval Order in a form substantially identical to the form of the
38           Final Approval Order entered by the Court.
39

40   **1.13**   **Individual Settlement Allocation.** "Individual Settlement Allocation" shall
41           mean the amount payable to each Authorized Claimant pursuant to Section 3.4 of
42           this Agreement.
43

**1.14   Gross Settlement Fund.**   "Gross Settlement Fund" refers to $250,000, the maximum Defendants have agreed to pay to the Settlement Administrator, pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, administration fees, any and all amounts to be paid to Authorized Claimants, and any Court-approved Service Award to Named Plaintiff.  Subject to paragraph 3.5(B) of this Agreement, under no circumstance will Defendants pay more than $250,000 towards the Settlement Amount.

**1.15   Named Plaintiff.**  "Named Plaintiff" refers to Ruben Romero.

**1.16   Notice or Notices.**  "Notice" or "Notices" means the Court–approved Notices of Proposed Settlement of Class Action and Collective Action Lawsuit including notice of an opportunity to opt-out and/or object to the proposed Settlement, attached hereto as Exhibit B.

**1.17   Objector.**  "Objector" means an individual who properly files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

**1.18   Opt-out Statement.**  "Opt-out Statement" is a written signed statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

**1.19   Preliminary Approval Order.**  "Preliminary Approval Order" means the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement, and, (ii) directing the manner and timing of providing Notices to the Class Members.

**1.20   Released Rule 23 Class Claims.**  "Released Rule 23 Class Claims" means all wage and hour claims, excluding spread of hours claims, that could have been asserted under New York state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, against La Revise Associates, LLC, and its present and former affiliates and related entities, parent and subsidiary corporations, divisions, shareholders, employee benefit plans and/or pension plans or funds, predecessors, successors, and assigns, and its and their past, present or future officers, directors, trustees, fiduciaries, administrators, employees, agents, representatives, shareholders, predecessors, successors, and assigns, and Jean Denoyer, and Regis Marinier and their respective heirs, spouses, executors, administrators, trustees, attorneys, agents, representatives, children, beneficiaries, conservators and assigns (all collectively referred to as "Releasees") for the period November 15, 2006 through February 1, 2014  from any and all claims, charges, demands, sums of money, actions, rights, promises, agreements, causes of action, obligations, and liabilities of any kind or nature whatsoever, at law or in equity, whether known or unknown, existing or contingent, suspected or unsuspected, apparent or concealed, which the Named Plaintiff or any Class Member may have or claim to have against Releasees based upon or arising out of

any facts, acts, conduct, omissions, transactions, occurrences, contracts, events, causes, matters, or things of any conceivable kind or character existing or occurring or claimed to exist or to have occurred which relate to (i) the nonpayment or inaccurate payment of minimum wages, and any other payments, benefits or form of remuneration or compensation under any state or local law, including but not limited to, any and all claims under the New York Labor Law, as amended, including but not limited to Articles 6 and 19, § 190 *et seq* and § 650 *et seq*., and any regulations issued thereunder, as amended; and (ii) any claims whatsoever alleged in the Lawsuit and all wage and hour claims which could have been alleged in the Lawsuit, including without limitation all claims for damages, restitution and other equitable relief, liquidated damages, compensatory damages, unpaid costs, punitive damages, wages, overtime wages, penalties of any nature whatsoever, any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Releasees, relating to the claims being settled and released herein by the Named Plaintiff and the Class Members.

1.21    **Released FLSA Claims.** "Released FLSA Claims" means all wage and hour claims, that could have been asserted under federal law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, against Releasees, for the period November 15, 2009 through February 1, 2014 from any and all claims, charges, demands, sums of money, actions, rights, promises, agreements, causes of action, obligations, and liabilities of any kind or nature whatsoever, at law or in equity, whether known or unknown, existing or contingent, suspected or unsuspected, apparent or concealed, which the Named Plaintiff or any Class Member may have or claim to have against Releasees based upon or arising out of any facts, acts, conduct, omissions, transactions, occurrences, contracts, events, causes, matters, or things of any conceivable kind or character existing or occurring or claimed to exist or to have occurred which relate to (i) the nonpayment or inaccurate payment of minimum wages, and any other payments, benefits or form of remuneration or compensation under any federal law, including but not limited to, any and all claims under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.,* and any regulations issued thereunder, as amended; and (ii) any claims whatsoever alleged in the Lawsuit and all wage and hour claims which could have been alleged in the Lawsuit, including without limitation all claims for damages, restitution and other equitable relief, liquidated damages, compensatory damages, unpaid costs, punitive damages, wages, overtime wages, penalties of any nature whatsoever, any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Releasees, relating to the claims being settled and released herein by the Named Plaintiff and the Class Members.

1.22    **Settlement Fund.** The "Settlement Fund" shall include Court-approved attorneys' fees, costs and expenses, Court-approved Service Award, fees payable to the Settlement Administrator, and the Individual Settlement Allocations for each of the Authorized Claimants.

1  1.23   **Settlement Administrator.** The "Settlement Administrator" refers to Advanced
2         Litigation Strategies, LLC, a third party administrator under common control of
3         Plaintiff's counsel, who will mail the Notices, administer the allocation, and
4         distribute the payment of legal fees and expenses and that portion of the Gross
5         Settlement Fund as determined by the number of Authorized Claimants in this
6         matter and perform other duties as outlined in the "Responsibilities of Settlement
7         Administrator" of this Agreement. The Settlement Administrator's fees shall be
8         paid from the Settlement Fund.

9  1.24   **Settlement Checks.** "Settlement Checks" means checks issued to Authorized
10        Claimants for their share of the Settlement Fund calculated in accordance with
11        this Agreement.

12  **2.    INITIAL PROCEDURAL ISSUES**

13  2.1    **Binding Agreement.** This Agreement is a binding agreement and contains all
14        material agreed-upon terms.

15  2.2    **Retention of the Settlement Administrator.** Within five (5) days after the filing
16        of a Motion for Preliminary Approval, Class Counsel shall retain the Settlement
17        Administrator.

18  2.3    **Responsibilities of Settlement Administrator.** The Settlement Administrator
19        shall be responsible for:   (i) preparing, printing and disseminating to Class
20        Members the Class Notice (ii) copying counsel for all Parties on material
21        correspondence and promptly notifying all counsel for the Parties of any material
22        requests or communications made by any Party or Class Member; (iii) promptly
23        furnishing to counsel for the Parties copies of any requests for exclusion,
24        objections or other written or electronic communications from Class Members
25        which the Settlement Administrator receives; (iv) receiving and reviewing any
26        Opt-out Statements submitted by Class Members; (v) keeping track of requests
27        for exclusion including maintaining the original mailing envelope in which the
28        request was mailed; (vi) calculating distribution amounts to Class Members; (vii)
29        mailing the settlement checks and any related tax reporting forms to Authorized
30        Claimants, Class Counsel, and any other Party, entity, or individual for whom
31        receipt of such documents is necessary or required; and (viii) providing a final
32        report, deliverable to Class Counsel and Defendants, detailing the results of the
33        class mailings and participation.

34  2.4    **Class Notice.** The Class Notice, a copy of which is attached hereto as Exhibit B,
35        will inform Class Members about this Settlement and will also advise them of the
36        opportunity to object to or opt-out, and/or to appear at the Fairness Hearing.
37        Within twenty (20) days of the entry of the Preliminary Approval Order by the
38        court, the Settlement Administrator will mail to all Class Members, via First Class
39        United States Mail, the Court–approved Notices of Proposed Settlement of Class
40        Action Lawsuit and Fairness Hearing. The Settlement Administrator will take all
41        reasonable steps to obtain the correct address of any Class Members for whom a

Notice is returned by the post office as undeliverable, and shall attempt a re-mailing to any member of the Settlement Class for whom it obtains a more recent address. The Settlement Administrator shall also mail a Class Notice to any Class Member who contacts the Settlement Administrator during the time period between the initial mailing of the class Notice and the Bar Date and requests that their Class Notice be re-mailed. The Settlement Administrator will notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

**2.5    Preliminary Approval Motion.**

(A)    On or before April 30, 2014 the Parties will submit this executed Agreement to the Court and shall move for Preliminary Approval of this Agreement for purposes of resolving this matter according to the terms of the Agreement.

(B)    The Preliminary Approval Motion also will seek the setting of a date for individuals to opt-out of this Agreement and/or provide objections to this Agreement, which date will be forty-five (45) days from the initial mailing of Notice to the Class Members, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.

(C)    If the Court denies Plaintiff's Motion for Preliminary Approval, the full amount of the settlement funds shall be returned to Defendants' Counsel, based on their respective clients' contributions, within 5 days of a court order denying preliminary approval; provided, however, in the event that the Court requests that the parties supplement or amend the Preliminary Approval Motion, the parties shall in good faith mutually work cooperatively to provide such supplement or amendment to the Court in due haste.

(D)    Solely for the purposes of settling the Lawsuit, the Parties conditionally stipulate and agree that the Lawsuit proceed as a collective action under 29 U.S.C. § 216(b) with respect to the Class Members.

(E)    Solely for the purposes of settling the Lawsuit, the Parties conditionally stipulate and agree that the requisites for establishing class certification pursuant to Fed. R. Civ. P. 23 with respect to the Class Members have been met and are met, and therefore, for purposes of effectuating this Settlement, the Parties stipulate to class certification of the Named Plaintiff's NYLL Claims on behalf of himself and the Class Members. More specifically, for purposes of this Lawsuit, the Parties conditionally stipulate and agree that:

1            (a)     The Class Members are so numerous as to make it impracticable to
2                    join all Class Members.

3            (b)     There is an ascertainable Class.

4            (c)     Common questions of law and fact exist.

5            (d)     The Named Plaintiff's claims are typical of the claims of the Class.

6            (e)     C. K. Lee, Esq., Lee Litigation Group, 30 East 39th Street, Second
7                    Floor, New York, New York 10016 shall be deemed "Class
8                    Counsel" and have and will fairly and adequately protect the
9                    interests of the Class.

10           (f)     The prosecution of separate actions by individual Class Members
11                  would create the risk of inconsistent or varying adjudications
12                  which would establish incompatible standards of conduct.

13           (g)     Questions of law and fact common to the Class Members
14                  predominate over questions affecting individual Class Members
15                  and a class action is superior to other available means for the fair
16                  and efficient adjudication of the controversy.

17    (F)    The Parties agree that the stipulation of collective action and class action
18           certification is for settlement purposes only.  If, for any reason, the Court
19           does not grant final approval of the Settlement, the stipulation to collective
20           action certification pursuant to 29 U.S.C. § 216(b) and class action
21           certification pursuant to Fed. R. Civ. P. 23 shall be void *ab initio*.
22           Defendants expressly reserve the right to seek collective action
23           decertification and oppose class action certification should the Settlement
24           not become final.  The Parties agree that certification for settlement
25           purposes only is in no way an admission that collective action and/or class
26           action certification is proper, and neither this Settlement, nor any ancillary
27           documents, actions, statements or filings in furtherance of settlement shall
28           be admissible or offered into evidence in the Lawsuit or any other action
29           or proceeding for any purpose whatsoever.

30    (G)    Defendants deny any liability or wrongdoing of any kind whatsoever
31           associated with the claims alleged in the Lawsuit, and further deny that,
32           for any purpose other than settling this Lawsuit, the action is appropriate
33           for class, collective or other representative treatment.  Defendants deny,
34           among other things, that they unlawfully did not pay the Named Plaintiff
35           or Class Members and contend, among other things, that they have
36           complied at all times with the FLSA and NYLL.  The Named Plaintiff, on
37           the other hand, believes the Lawsuit is meritorious.

38

2.6     Notice to Class Members

(A)     Within ten (10) days of the filing of the Preliminary Approval Order, Defendants' Counsel will provide the Settlement Administrator, in electronic form, for all Class Members, a mailing list containing the name, last known addresses and telephone numbers, as that information exists on file with Defendants.  All information provided regarding the Class Members will be treated as confidential information by Class Counsel and the Settlement Administrator.  Said information will not be used by Class Counsel and the Settlement Administrator for any purpose whatsoever other than to effectuate the terms of settlement, and will not be shared with any other person.

(B)     The Notice will inform all Class Members that all claims under the FLSA will be deemed released upon endorsement and deposit of a settlement check.  The back of each check shall bear the following release of claim legend:

"By my endorsement of this check, I opt into the lawsuit S.D.N.Y. 12-cv-8324, and release all of my claims as described in the class settlement agreement for that lawsuit."

(C)     It is agreed that because the number of Class Members is so numerous, it is impossible or impractical to have each Class Member execute this Settlement.  The Notice will advise all Class Members of the binding nature of the release, and the Notice shall have the same force and effect on every Class Member as if this Settlement were executed by each and every Class Member.

2.7     Class Member Opt-outs.

(A)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, a written, signed statement to the Settlement Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the wage and hour settlement" ("Opt-out Statement").  To be effective, an Opt-out Statement must be post-marked by the Bar Date.

(B)     The end of the time period to opt-out of the settlement ("Opt-out Period") shall be on or before the Bar Date.

(C)     Within three (3) days of the end of the Opt-out Period, Class Counsel will file with the Clerk of Court, copies of any Opt-out Statements and send a final list of all Opt-out Statements to Defendants' Counsel.

(D)     Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the Settlement and the

1          terms of this Agreement, will be bound by the Judgment in this case, and
2          have any Released Rule 23 Class Claims released with prejudice.

3    **2.8**    **Objections to Settlement.**

4      (A)    Class Members who wish to present objections to the proposed settlement
5          at the Fairness Hearing must first do so in writing.  To be considered, such
6          statement must be mailed to the Settlement Administrator via First-Class
7          United States Mail post-marked by the Bar Date.  The statement must
8          include all reasons for the objection, and any supporting documentation.
9          The statement must also include the name, address, and telephone
10         numbers for the Class Member making the objection.  The Settlement
11         Administrator will send copies of each objection, supporting documents,
12         as well as a copy of the notice mailed to the Objector, to Class Counsel
13         and Defendants' Counsel by email delivery no later than three (3) days
14         after receipt of the objection.  The Settlement Administrator will also file
15         the originals of any and all objections with the Court within three (3) days
16         after the end of the Opt-out Period.

17      (B)    An individual who files objections to the settlement ("Objector") also has
18         the right to appear at the Fairness Hearing either in person or through
19         counsel hired by the Objector.  An Objector who wishes to appear at the
20         Fairness Hearing must state his or her intention to do so in writing on his
21         or her written objections at the time he or she submits his or her written
22         objections.  An Objector may withdraw his or her objections at any time.

23      (C)    The Parties may file with the Court written responses to any filed
24         objections no later than three (3) days before the Fairness Hearing.

25    **2.9**    **Fairness Hearing and Motion for Final Approval and Dismissal.**

26      At the Fairness Hearing and Motion for Final Approval and Dismissal, the Parties
27      will request that the Court, among other things: (1) approve the Settlement and
28      Agreement as fair, reasonable, adequate, and binding on all Class Members who
29      have not timely opted out of the settlement; (2) order the Settlement
30      Administrator to distribute Settlement Checks to the Class Members, including
31      Service Awards, if any, to be paid to certain Class Members as described in this
32      Agreement; (3) approve the payment of attorneys' fees and costs to Class
33      Counsel; (4) approve the payment of fees to the Settlement Administrator; (5)
34      order the dismissal with prejudice of all Released FLSA Claims and Released
35      Rule 23 Class Claims, including the claims of all Class Members who did not opt-
36      out, (6) order entry of Final Judgment in accordance with this Agreement; and (7)
37      retain jurisdiction over the interpretation and implementation of this Agreement as
38      well as any and all matters arising out of, or related to, the interpretation or
39      implementation of this Agreement and of the settlement contemplated thereby.

1   The Parties agree to cooperate and take all steps necessary and appropriate to
2   obtain preliminary and final approval of this Settlement, to effectuate its terms, and to
3   dismiss the Litigation with prejudice.

4   **2.10   Mailing of Settlement checks.**

5   The Settlement Checks will be mailed to the Named Plaintiff and Authorized
6   Claimants by the Settlement Administrator and the check for approved attorneys'
7   fees and expenses to Class Counsel shall be mailed by the Administrator to Class
8   Counsel within 10 days after the Final Effective Date.

9   **2.11   Effect of Failure To Grant Final Approval**

10  In the event the Court does not approve this Settlement, the Parties shall proceed
11  as follows:
12

13  (a)   The Litigation will resume unless: (1) the Parties jointly agree to seek
14        reconsideration or appellate review of the decision denying entry of
15        Judgment; or (2) the Parties jointly agree to attempt to renegotiate the
16        settlement and seek Court approval of the renegotiated settlement.
17

18  (b)   In the event any reconsideration and/or appellate review is denied, the
19        Parties shall have no further rights or obligations under this Agreement.
20

21  (c)   If the Parties do not jointly agree to seek reconsideration or appellate
22        review of the decision denying entry of Judgment and/or a mutually
23        agreeable settlement agreement cannot be reached by the parties,
24        settlement funds shall be returned to Defendants' Counsel, based on their
25        respective clients' contributions, less administrative fees actually incurred
26        and substantiated, within 5 days of a court order denying final approval of
27        the settlement.
28

29  (d)   If the Parties jointly agree to seek reconsideration and/or appellate review
30        of the decision denying entry of Judgment and reconsideration and/or
31        appellate review is denied, settlement funds shall be returned to
32        Defendants' Counsel, based on their respective clients' contributions, less
33        administrative fees actually incurred and substantiated, within 5 days of a
34        court order denying reconsideration and/or appellate review.
35

36  (e)   If the settlement is not approved, the case will proceed as if no settlement
37        has been attempted. In that event, Defendants retain the right to contest
38        whether this case should be maintained as a class or collective action and
39        to contest the merits of the claims being asserted by Plaintiff in this action,
40        and to engage in further class and expert discovery.  Plaintiff likewise
41        retains the right to seek certification of a class or collective action and
42        shall have the opportunity to engage in further class and expert discovery.
43

3.     **SETTLEMENT TERMS**

3.1     **Settlement Amount.**

(A)     Defendants agree to create a "Gross Settlement Fund" in the maximum amount of $250,000 which shall fully resolve and satisfy any claim for (i) attorneys' fees, expenses and costs approved by the Court, (ii) fees to the Settlement Administrator and (iii) all amounts to be paid to the Named Plaintiff and all Authorized Claimants for releasing claims as set forth herein, and any Court-approved Service Awards.

(B)     The maximum total payment by Defendants under this Settlement, including all attorneys' fees, subject to Court approval, and past, present and future costs, interest and any other payments provided by this Settlement (including the costs of administering the Settlement), is Two Hundred Fifty Thousand Dollars and no cents ($250,000.00).

(C)     Defendants shall fund the Settlement Fund no later than June 30, 2014 with $250,000, $25,000 of which shall be released to the Settlement Administrator as administration fees, upon preliminary approval by the Court. The balance shall be held in escrow pending final approval of class settlement by the Court. Should Defendants fail to fund the Settlement Fund by June 30, 2014, Defendants shall be subject to a late payment penalty of 25%, compounded annually.

(D)     Any uncashed Settlement Checks or Service Awards and all amounts remaining in the Settlement Fund six months after the mailing of the settlement checks shall be applied to *cy pres* donations as follows: (i) half of unclaimed amounts shall be applied to a *cy pres* charitable donation to a school or non-profit organization devoted to the care or education of children on the autism spectrum, as determined by Plaintiff's counsel, and (ii) half of unclaimed amounts shall be applied to a *cy pres* chartiable donation to The New York Fellowship, 232 East 32nd St., New York, NY 10016, (212) 979-9690, www.newyorkfellowship.org. For purposes of this provision, the mailing date shall be deemed to be the date posted on the settlement checks.

3.2     **Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs.**

(A)     At the Fairness Hearing and Motion for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees of no more than 1/3 of the Gross Settlement Amount ($83,333) plus additional costs and expenses. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court. After payment of the approved attorneys' fees award and costs, Defendants shall have no additional liability for Class Counsel's attorneys' fees, expenses and costs.

(B)    The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees, expenses and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

(C)    The approved attorneys' fees, expenses and costs shall be mailed by the Settlement Administrator 10 days after the Final Effective Date.

**3.3    Service Award and Other Payments to Named Plaintiff.**

(A)    In return for services rendered to the Class Members, at the Fairness Hearing, Ruben Romero will apply to the Court to receive Ten Thousand Dollars ($10,000) as a Service Award.  Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

(B)    There are 486 Class members (220 are Tipped Subclass members and 266 are Non-tipped Subclass members).  If additional class members are sought to be joined, the parties have agreed that their individual award will be additionally funded over the Settlement Amount by Defendants in an amount equal to those of the original Tipped Subclass or Non-tipped Subclass members, based on the per week award of such Class Members.

(C)    The application for Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of the Court's ruling on the application for Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.

**3.4    Administration Fees**

(A)    In return for services rendered to the Class Members, the Settlement Administrator will apply to the Court for administration fees of $25,000.

(B)    The application for administration fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of the Court's ruling on the application for administration fees will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.

1    3.5    **Net Settlement Fund and Allocation to Class Members.**

2    (A)    After deduction of all fees, expenses and costs from the Gross Settlement
3           Fund, $26,600 shall be allocated to the Non-Tipped Subclass. Each such
4           individual shall receive a flat rate payment of $100 each. The balance of
5           $100,066.67 shall be allocated to the Tipped Subclass based on the
6           number of workweeks worked by each Tipped Subclass Member during
7           the Class Period. The Settlement Allocations shall be made in accordance
8           with the dates of employment set forth in the confidential document
9           provided by Defendants' Counsel.
10

11   (B)    The employer's portion, if any, of employment taxes shall be borne by
12          Defendants and not from the Settlement Amount. 25% of the amount of
13          Settlement payments to Class Members as identified in paragraph 3.5(A)
14          from Defendants will be deemed non-wage liquidated damages subject to
15          1099 reporting and 75% shall be deemed wages subject to W-2 reporting.
16          Service Awards will be considered 1099 non-wage income. A 1099 shall
17          be issued to Plaintiff's counsel for tax reporting purposes and to any Class
18          Member whose proportionate share of attorneys' fees exceeds $600.
19
20

21   (C)    Class Members shall be solely responsible for the reporting and payment
22          of the employee's share of any federal, state, and/or local income or other
23          tax or any other withholdings, if any, on any of the payments made
24          pursuant to this Settlement. Defendants make no representation and it is
25          understood and agreed that Defendants made no representations as to the
26          taxability to any Class Members of any portions of the Individual
27          Settlement Allocations, the payment of any costs (including the costs of
28          administering this Settlement), any award of attorneys' fees, or any
29          payments to the Named Plaintiff.

30   (D)    All Individual Settlement Allocations to the Named Plaintiff and Class
31          Members shall be deemed to be paid to the Named Plaintiff and Class
32          Members solely in the year in which such payments actually are received
33          by the Named Plaintiff and Class Members. It is expressly understood and
34          agreed that the receipt of Individual Settlement Allocations will not entitle
35          the Named Plaintiff or any Class Member to additional compensation or
36          benefits under any of Defendants' plans or agreements in place during the
37          period covered by the Settlement. It is the intent of this Settlement that
38          (except as provided in this Settlement) the Individual Settlement
39          Allocations provided for in this Settlement are the sole payments to be
40          made to the Named Plaintiff and Class Members, and that the Named
41          Plaintiff and Class Members are not entitled to any new or additional
42          compensation or benefits as a result of having received the Service Award
43          and/or Individual Settlement Allocations.

(E)   In addition, it is Defendants' intention that all payments provided under this Settlement are excepted from or comply with Section 409A of the Internal Revenue Code of 1986, as amended (the "Code") as amounts paid as bona fide legal settlements under Treasury Regulation Section 1.409A-1(b)(11), and this Settlement shall be interpreted, administered and operated accordingly.  If under this Settlement an amount is to be paid in installments each installment shall be treated as a separate payment for purposes of Treasury Regulation Section 1.409A-2(b)(2)(ii).  Notwithstanding anything to the contrary herein, Defendants do not guarantee the tax treatment of any payments or benefits under this Settlement, including without limitation under the Code, federal, state, local or foreign tax laws and regulations.

(F)   Each Named Plaintiff and Class Member agrees that they have not relied on any advice from Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Settlement, but are relying on their own judgment and advice of their own counsel in this matter.  Each Named Plaintiff and Class Member acknowledges that Defendants must report to the Internal Revenue Service (as well as state and local taxing authorities where applicable) all payments made pursuant to this Settlement, and that all such payments will be reported via IRS Form 1099 and Form W-2 as set forth in this Settlement.  Each Named Plaintiff and Class Member expressly acknowledges and warrants that they each are, and shall be, responsible for all federal, state, and local tax liabilities which are attributable to them that may result from the payments under this Settlement, and each Named Plaintiff and Class Member hereby warrants that Defendants shall bear no responsibility for any such tax liabilities, except for the employers' payroll tax contributions (such as FICA) for which Defendants may be liable.  Each Named Plaintiff and Class Member further agrees to indemnify and hold Defendants harmless to the full extent of any such liabilities, payments or costs, including taxes, interest, penalties, and attorneys' fees which may be assessed against or incurred by Defendants in connection with any payment made to or on behalf of any Named Plaintiff and Class Member hereunder.  Each Named Plaintiff and Class Member agrees that should any tax liability arise or accrue to any Named Plaintiff and/or Class Member under local, state, or federal tax law as a result of any payments made under this Settlement, the Named Plaintiff and/or Class Members will pay any and all such finally determined obligations without seeking indemnity or reimbursement from Defendants, nor any increase in his or her Individual Settlement Allocation or increase in the Gross Settlement Fund.

### 3.6    Confidentiality and Non-Disparagement

(A)    Plaintiff's counsel shall maintain as confidential all copies (paper and electronic) of any documents and materials (including e-mail) produced in discovery in this matter and shall be used for no purpose whatsoever, except as may be required in any malpractice action in regard to the Litigation.

(B)    Except as required by law with respect to the identity of the Lawsuit, or in connection with court filings that Class Counsel believes are necessary to obtain approval of this Settlement, Class Counsel, and any consultant or other person acting on their behalf, shall not publicize or discuss with third parties the Lawsuit or any terms of the Settlement of the Lawsuit beyond a statement that the Lawsuit has been settled on terms mutually agreeable to the Parties.  The Named Plaintiff, Class Members and Class Counsel, on their own behalf, and other persons acting on their behalf, agree that they will not contact any representative of the media (press, television, radio or internet) or make any press release or public statement concerning this Settlement, and if contacted by any representative of the media or press, Class Counsel,  the Named Plaintiff and/or Class Members will only state that the matter has been satisfactorily resolved on mutually agreeable terms.  Any other statements to any media, including any weblog, must be explicitly agreed upon in writing by the Parties.  Further, Class Counsel, the Named Plaintiff and Class Members agree that they will not post any information concerning this Settlement on any website or on any other form of advertisement or public information.  Consistent with the terms hereof, Class Counsel may communicate appropriately with the Named Plaintiff and Class Members or their representatives, and with accountants or legal advisors regarding the settlement.

(C)    The Class Members (including the Named Plaintiff) agree that the terms of this Settlement will be kept confidential except that the Named Plaintiffs and Class Members may disclose information to their immediate family or life partners (upon securing an agreement by such person to keep the information confidential) tax or legal advisor.  Class Members will be advised that the terms of the Settlement are confidential.

(D)    Notwithstanding anything to the contrary herein, nothing in this Settlement shall prohibit or restrict any Named Plaintiff or Class Member from: (a) making any disclosure of information required by law; or (b) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by, any federal or state regulatory or law enforcement agency or legislative body.

(E)     The Named Plaintiff will not disparage Releasees, or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against Releasees, except if testifying truthfully under oath pursuant to any lawful court order or subpoena or otherwise responding to or providing disclosures required by law. This includes any statement to or response to an inquiry by any member of the press or media, whether written, verbal, electronic, or otherwise.

4.     **RELEASE**

4.1     **Release of Claims.**

(A)     By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement the Named Plaintiff and each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants from all Released Rule 23 Class Claims for the period November 15, 2006 to February 1, 2014 and from all Released FLSA Claims from the period November 15, 2009 to February 1, 2014.

(B)     By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Authorized Claimant who endorses and deposits their settlement check forever and fully releases Defendants from all Released FLSA Claims.

(C)     Except as provided in this Agreement, upon payment of the Attorneys' fees, expenses, and costs approved by the Court, Class Counsel and Plaintiff, on behalf of the Class Members and each individual Class Member, hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that he, she or they may have against Releasees for attorneys' fees or costs associated with Class Counsel's representation of the Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

4.2     **Denial of Liability**

Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, nor as an admission that a class should be certified for any purpose other than settlement purposes.

5.    INTERPRETATION AND ENFORCEMENT

5.1    **Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2    **No Assignment.** Class Counsel and Named Plaintiff, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.3    **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.4    **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5    **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6    **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7    **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8    **Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

5.9    **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to

choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10   **Continuing Jurisdiction.**   The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties shall not petition the Court to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

5.11   **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.12   **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its full execution and occurrence of the Final Effective Date.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.13   **Binding Authority of Counsel.** Counsel hereby represent that they are fully authorized to bind the parties they represent to the terms and conditions hereof and that they have retainer agreements and/or authorizations to execute this Agreement on their behalf.

5.14   **Signatures.**  This Agreement is valid and binding if signed by the Parties' authorized representatives.

5.15   **Facsimile and Email Signatures.**  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**WE AGREE TO THESE TERMS,**

**Counsel to the Named Plaintiff**
**and Class Members:**

By: _____
      C.K. Lee, Esq.
      Lee Litigation Group, PLLC
      30 East 39th Street, Second Floor
      New York, New York 10016

Dated: _____4-25-14_____

**Counsel to Defendants**

By: _____
      Kenneth DiGia, Esq.
      Epstein Becker & Green, P.C.
      250 Park Avenue
      New York, NY 10177

Dated: _____4/25/14_____

Exhibit A – Class List

[Redacted on ECF]

Exhibit B – Notice to Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

RUBEN ROMERO,
on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                               Plaintiff,                      Case No.: CV-12-8324

                                                  **NOTICE OF PENDENCY OF**
                                                  **CLASS ACTION AND**
                      v.                            **PROPOSED SETTLEMENT**

LA REVISE ASSOCIATES, LLC d/b/a
BRASSERIE RUHLMANN, JEAN
DENOYER and REGIS MARINER,

                            Defendants.

———————————————————————

**If you were employed by La Revise Associates, LLC d/b/a Brasserie Ruhlmann (including the individually named defendants "Defendants") as an employee from November 15, 2006 to February 1, 2014, please read this Notice.**

DATED: _____, 2014

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the Settlement.**

### Introduction

A former employee of Defendants, Ruben Romero, filed a lawsuit for allegedly unpaid minimum wages, and other claimed damages against Defendants. The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Romero v. La Revise Associates, LLC, et al.* The person who filed the lawsuit is called the Plaintiff. Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay him and other tipped employees the minimum wage, in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Plaintiff also claims Defendants failed to provide appropriate notices and paystubs, pay all other non-exempt employees wages for off the

clock work, and statutory damages under NYLL. Defendants deny the Plaintiff's allegations. It is Defendants' position that they did not violate any laws and properly compensated Plaintiff and other non-exempt employees.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests at this time to resolve Plaintiff's claims on behalf of Plaintiff and other employees. Accordingly, Plaintiff and Defendants have agreed to settle the action subject to the approval of the Court. Defendants have agreed to pay a maximum of $250,000. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything. Once the settlement is approved by the Court, you will automatically receive your allocated settlement amount. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the settlement you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | Write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement unless you submit a valid and timely Request for Exclusion Form. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked for Defendants as an employee at sometime between November 15, 2006 to February 1, 2014.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Judge Gabriel W. Gorenstein of the United States District Court for the Southern District of New York is presiding over this class action. Judge Gorenstein has not made any determination about who is right or wrong in this lawsuit.

2

**3.  Why is there a settlement?**

Class Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiff and a significant sample of the putative Class Members and evaluated Defendants' ability to pay a judgment.  Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff's Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and Putative Class Members.  Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all service payments, attorneys' fees, costs, taxes, and administrative charges have been paid out of the Settlement Fund.

**4.     Payment to Class**

If you do nothing, you will automatically be deemed to be part of the class settlement.  If you worked as a tipped employee, you will be paid a proportionate share of the Settlement Fund based on a formula taking into account weeks you worked for Defendants during the period November 15, 2006 to February 1, 2014.   If you worked in any other non-tipped position, you will receive a flat award of $100 each.  If you would like information about the amount of your individual settlement payment, please contact Settlement Administrator, Advanced Litigation Strategies, LLC, 30 East 39th Street, Second Floor, New York, New York, 212-465-1180.

**5.     Payment to Class Representatives**

The Settlement proposes that Plaintiff Ruben Romero, who took a lead role in this litigation and assisted in its resolution will receive a service payment of $10,000 in compensation for taking a leading role in this litigation, for his significant involvement and time in discovery for the benefit of the Class Members.

**6.     Procedures**

If you do nothing, you will automatically participate in the class settlement.   If you want to exclude yourself, please refer to Paragraph 7.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through February 1, 2014 from all claims asserted in the Complaint and as described in the Settlement Agreement.  This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants regarding the claims brought in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

3

(i)     With respect to claims under New York State law, you are releasing all of your wage and hour claims (excluding spread of hours claims) that could have been asserted, for the period November 15, 2006 to February 1, 2014 and

(ii)    With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted, for the period November 15, 2009 to February 1, 2014.

**By failing to opt-out of this lawsuit, you will automatically be part of the class settlement for the New York State and federal law claims.**

| 7. | How Do I Exclude Myself From The Settlement. |
| --- | --- |

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by the Bar Date of _____, 2014.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

| 8. | If I don't exclude myself from the settlement, can I sue Defendants for the same thing later? |
| --- | --- |

No. Unless you exclude yourself, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is _____, 2014.

| 9. | If I exclude myself, can I get money from this settlement? |
| --- | --- |

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

**10.  Do I have a lawyer in this case?**

The law firm of Lee Litigation Group, PLLC, 30 East 39th Street, Second floor, New York, New York 10016, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel.  You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.  How will the service providers be paid?**

Class Counsel will ask the Court to approve payment of up to $83,333 (1/3 of the settlement fund established by Defendants) to them for attorneys' fees, plus additional costs and expenses to be determined.  The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court has approved payment of $25,000 as administration fees to Advanced Litigation Strategies, LLC, a third party administration firm under common control of Plaintiff's counsel. Both amounts will be paid out of the $250,000 total Settlement Fund.

**12.  How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims unless you have submitted a valid and timely request for exclusion.  To object, you must send a letter saying that you object to the settlement of Romero v. La Revise Associates, LLC, et al. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone numbers.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection.  Mail the objection to the Settlement Administrator via First-Class United States Mail, postage prepaid at the address below.  Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by the _____2014 Bar Date.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

5

### 13. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a fairness hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

### 14. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2014, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 15. Can I discuss the Settlement with my advisors?

The terms of the Settlement are confidential, except that you may disclose information to your immediate family or life partners (upon securing an agreement by such person to keep the information confidential), tax or legal advisor. Except as set forth above, and in the Settlement Agreement, you may not disclose or publish the terms of the Settlement.

### 16. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x

RUBEN ROMERO, on behalf of himself and
others similarly situated,

                              Plaintiff,          Civil Action No.: CV 12-8324

            -against-
                                                  **Gorenstein, M.J.**

LA REVISE ASSOCIATES, LLC d/b/a
BRASSERIE RUHLMANN, JEAN
DENOYER and REGIS MARINER,

                              Defendants.

----------------------------------------------------x

## NOTICE OF PENDENCY OPT OUT FORM

**Complete and mail this Opt Out Form by _____, 2014 to:**

Settlement Administrator
Advanced Litigation Strategies, LLC
30 East 39th Street, Second Floor
New York, New York 10016

**I DO NOT WANT TO JOIN THE SETTLEMENT** pending in the United States

District Court for the Southern District of New York, Case No. 12-CV-8324.


Date: _____          _____
                                Signature

                                _____
                                Print Name


7