UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/14
```

RUBEN ROMERO,
on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                Plaintiff,         Case No.: CV-12-8324

                v.                       Gorenstein, M.J.

LA REVISE ASSOCIATES, LLC d/b/a
BRASSERIE RUHLMANN, JEAN
DENOYER and REGIS MARINER,

                Defendants.

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Approval of Plaintiff's Proposed Notice of Pendency of Class Action and Proposed Settlement ("Motion for Preliminary Approval") (Docket No. CV 12-8324).

**I.    Preliminary Approval of Settlement**

    1.    Based upon the Court's review of the Declaration of C.K. Lee ("Lee Declaration"), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in

1

the Settlement and Release Agreement ("Settlement Agreement"), attached to the Lee Declaration as Exhibit A and "so orders" all of its terms subject to the right of any class member to challenge the fairness, reasonableness, or adequacy of the agreement.

2. The Court concludes that the proposed settlement is within the range of reasonable settlement results, such that notice to the Class is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. The assistance of an experienced employment mediator reinforces that the Settlement Agreement is non-collusive.

4. The Court finds that the Settlement Administrator's administration fees is appropriate and approves such fees.

5. For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) ("Settlement Class"):

> **All current and former employees of Defendants who worked as non-exempt employees from November 15, 2006 through February 1, 2014 and who did not have arbitration agreements and are listed on Exhibit A to the Settlement Agreement.**

6. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

7. For settlement purposes only, the Court provisionally certifies the collective class under the Fair Labor Standards Act, as amended ("FLSA").

8. For settlement purposes only, the Court appoints Lee Litigation Group PLLC as Class Counsel to class members and the collective class.

9. The Court approves Advanced Litigation Strategies, LLC as administrator of the settlement. The administrator shall be responsible for receiving objections and requests for exclusion from the class members.

## II. Class Notice

10. The Court approves the Proposed Notice of Pendency of Class Action and Proposed Settlement ("Notice"), which is attached as ~~Exhibit B to the Lee Declar~~ hereto ation, and directs its distribution to the class.

11. The content of the Notice fully complies with due process and Federal Rule of Civil Procedure 23.

> Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:
>
> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class embers under Rule 23(c)(3).

Fed. R. Civ. P. 23 (c)(2)(B).

12. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. The Notice also satisfies the requirements of the collective action requirements of the FLSA and adequately puts collective members on notice of the proposed settlement.

## III. Class Action Settlement Procedure

13. The Court hereby sets the following settlement procedure:

| | |
|---|---|
| 10 days after Preliminary Approval<br><br>**July 14, 2014** | Defendants' counsel will provide the Settlement Administrator a mailing list in electronic form containing the names, last known addresses and telephone numbers for all class members as that information exists on file with Defendants. |
| 20 days after Preliminary Approval:<br><br>**July 24, 2014** | Mailing of Class Notice in both English and Spanish. |
| 45 days after date of first mailing of Class Notice:<br><br>**August 18, 2014** | Last day for class members to "opt out" of the Settlement or to submit written objections to the Settlement. Notice of opt-out must be post-marked by this date. Any class member who does not seek exclusion from the class may nevertheless object to the terms of the settlement. |
| 48 days after first mailing of Class Notice:<br><br>**August 21, 2014** | Class counsel will file with the Clerk of the Courts copies of any Opt-out Statements and send a final list of all Opt-out Statements to Defendants' Counsel by email. |
| 60 days after date of first mailing of Class Notice:<br><br>**September 2, 2014** | Last day for filing and service of papers in support of final Settlement Approval |
| **October 17, 2014 10:00 AM** | Final Settlement approval hearing *in Courtroom 6-B, 500 Pearl Street, New York, NY* |

It is so ORDERED this 2nd day of July, 2014.

Honorable GABRIEL W. GORENSTEIN
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN ROMERO,
on behalf of himself,
FLSA Collective Plaintiffs and the Class,

            Plaintiff,

v.

LA REVISE ASSOCIATES, LLC d/b/a
BRASSERIE RUHLMANN, JEAN
DENOYER and REGIS MARINER,

            Defendants.

Case No.: CV-12-8324

**NOTICE OF PENDENCY OF
CLASS ACTION AND
PROPOSED SETTLEMENT**

**If you were employed by La Revise Associates, LLC d/b/a Brasserie Ruhlmann (including the individually named defendants "Defendants") as an employee from November 15, 2006 to February 1, 2014, please read this Notice.**

DATED:     **July 24, 2014**

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the Settlement.**

### Introduction

A former employee of Defendants, Ruben Romero, filed a lawsuit for allegedly unpaid minimum wages, and other claimed damages against Defendants. The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Romero v. La Revise Associates, LLC, et al.* The person who filed the lawsuit is called the Plaintiff. Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay him and other tipped employees the minimum wage, in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Plaintiff also claims Defendants failed to provide appropriate notices and paystubs and failed to pay all other non-exempt employees

wages for off the clock work. Defendants deny the Plaintiff's allegations. It is Defendants' position that they did not violate any laws and properly compensated Plaintiff and other non-exempt employees.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests to resolve Plaintiff's claims on behalf of Plaintiff and other employees. Accordingly, Plaintiff and Defendants have agreed to settle the action. Defendants have agreed to pay a maximum of $250,000. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**DO NOTHING**   If you choose to participate in the settlement, you do not have to do anything. Once the settlement is approved by the Court, you will automatically receive your allocated settlement amount.

**EXCLUDE YOURSELF**   If you wish to exclude yourself ("opt-out") from the settlement you must follow the directions outlined in response to question 7 below.

**OBJECT**   If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement unless you submit a valid and timely Request for Exclusion Form. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement.

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked for Defendants as an employee at sometime between November 15, 2006 to February 1, 2014.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Judge Gabriel W. Gorenstein of the United States District Court for the Southern District of New York is presiding over this class action. Judge Gorenstein has not made any determination about who is right or wrong in this lawsuit.

### 3. Why is there a settlement?

Class Counsel analyzed and evaluated the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiff and a significant sample of the potential Class Members and evaluated Defendants' ability to pay a judgment. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and the Class Members. Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all service payments, attorneys' fees, costs, and administrative charges have been paid out of the Settlement Fund.

### 4. Payment to Class

If you do nothing, you will automatically be deemed to be part of the class settlement. If you worked as a tipped employee, you will be paid a proportionate share of the Settlement Fund based on a formula taking into account weeks you worked for Defendants during the period November 15, 2006 to February 1, 2014. If you worked in any other non-tipped position, you will receive a flat award of $100 each. If you would like information about the amount of your individual settlement payment, please contact Settlement Administrator, Advanced Litigation Strategies, LLC, 30 East 39th Street, Second Floor, New York, New York, 10016, 212-465-1180.

### 5. Payment to Class Representatives

The Settlement proposes that Plaintiff Ruben Romero, who took a lead role in this litigation and assisted in its resolution will receive a service payment of $10,000 in compensation for taking a leading role in this litigation, for his significant involvement and time in discovery for the benefit of the Class Members.

### 6. Procedures

If you do nothing, you will automatically participate in the class settlement. If you want to exclude yourself, please refer to Paragraph 7.

If the Court grants final approval of the Settlement, this action will end and Class Members who do not opt out will release Defendants through February 1, 2014 from all claims asserted in the Complaint and as described in the Settlement Agreement. This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding the claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

(i) With respect to claims under New York State law, you are releasing all of your wage and hour claims (excluding spread of hours claims) that could have been asserted, for the period November 15, 2006 to February 1, 2014 and

(ii) With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted, for the period November 15, 2009 to February 1, 2014.

**By failing to opt-out of this lawsuit, you will automatically be part of the class settlement for the New York State and federal law claims.**

### 7. How Do I Exclude Myself From The Settlement.

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by the Bar Date of August 18, 2014.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

### 8. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is August 18, 2014.

### 9. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

4

### 10. Do I have a lawyer in this case?

The law firm of Lee Litigation Group, PLLC, 30 East 39th Street, Second floor, New York, New York 10016, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11. How will the service providers be paid?

Class Counsel will ask the Court to approve payment of up to $83,333 (1/3 of the settlement fund established by Defendants) to them for attorneys' fees, plus additional costs and expenses to be determined. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court has approved payment of $25,000 as fees to Advanced Litigation Strategies, LLC to administer the settlement.

Both amounts will be paid out of the $250,000 total Settlement Fund.

### 12. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement of Romero v. La Revise Associates, LLC, et al. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone numbers.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection.

Mail the objection to the Settlement Administrator via First-Class United States Mail to the address below. Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by August 18, 2014.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

5

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

### 13. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

### 14. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 10:00 A.M. on October 17, 2014, in Room 6-B at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 15. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RUBEN ROMERO, on behalf of himself and
others similarly situated,

                        Plaintiff,

-against-

LA REVISE ASSOCIATES, LLC d/b/a
BRASSERIE RUHLMANN, JEAN
DENOYER and REGIS MARINER,

                      Defendants.

------------------------------------------------------------x

Civil Action No.: CV 12-8324

Gorenstein, M.J.

## NOTICE OF PENDENCY OPT OUT FORM

**Complete and mail this Opt Out Form by August 18, 2014 to:**

Settlement Administrator
Advanced Litigation Strategies, LLC
30 East 39th Street, Second Floor
New York, New York 10016

**I DO NOT WANT TO JOIN THE SETTLEMENT** pending in the United States District Court for the Southern District of New York, Case No. 12-CV-8324.

Date: _____

_____
Signature

_____
Print Name